## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 25 2016, 7:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Berger
Law Office of Donald J. Berger
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anita Rodriguez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 25, 2016

Court of Appeals Case No.
71A03-1511-CR-1890

Appeal from the St. Joseph Superior Court.
The Honorable Jenny Pitts Manier, Judge.
Cause No. 71D05-1407-CM-2809

**Shepard, Senior Judge**

[1] Appellant Anita Rodriguez got into an argument with her neighbor, upon whom she inflicted injuries. She contends she acted in self-defense. Concluding there was sufficient evidence to negate her claim of self-defense, we affirm.

# Facts and Procedural History

Rodriguez and Jose Galaviz were next-door neighbors with an acrimonious relationship. On July 6, 2014, they were involved in a front-yard confrontation that resulted in Rodriguez being charged with battery resulting in bodily injury, as a Class A misdemeanor. Ind. Code § 35-42-2-1 (2014). The jury found Rodriguez guilty as charged, and the trial court sentenced her to twelve months, suspended to probation. This appeal followed.

# Issue

Rodriguez's sole issue is whether there is sufficient evidence to rebut her claim of self-defense.

# Discussion and Decision

A claim of self-defense can serve as a legal justification for an otherwise criminal act. *Burnside v. State*, 858 N.E.2d 232 (Ind. Ct. App. 2006). Indiana Code section 35-41-3-2 (2013) provides that a person may use reasonable force against another to protect himself or herself from what he or she reasonably believes to be the imminent use of unlawful force. Once self-defense has been raised, the State must either rebut the evidence directly – by affirmatively showing the defendant did not act in self-defense – or by relying on the evidence in its case-in-chief. *Cole v. State*, 28 N.E.3d 1126 (Ind. Ct. App. 2015).

In reviewing a challenge to the sufficiency of the evidence to rebut a claim of self-defense, we use the same standard as for any claim of insufficiency. *Id.*

Specifically, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the verdict will not be disturbed. *Id.*

[6] At Rodriguez's August 2015 jury trial, the State presented the testimony of Galaviz. He stated that on the afternoon of July 6, 2014, he heard his children and their friends, who were outside, arguing with Rodriguez because she was videoing the children's activities. To diffuse the situation, Galaviz hung a bed sheet across the side of the porch to block Rodriguez from seeing the children.

[7] Once Galaviz went back inside, Rodriguez came off her porch and onto the sidewalk in front of Galaviz's property and continued to video and use profanity with the children. Galaviz returned to his porch to see Rodriguez coming into his yard. He stepped off the porch into his yard, and Rodriguez approached and swung at him. She failed to make contact and swung again. This time she scratched Galaviz's neck and arms and pulled the chain from around his neck, breaking it. This caused a stinging pain to Galaviz. After swinging at Galaviz the second time, Rodriguez fell down. Rodriguez threw down her cell phone and glasses and told Galaviz she would tell the police that he had hit her, knocked her to the ground, and broken her phone and glasses. Galaviz testified he did not hit, kick, or push down Rodriguez. The police arrived and took photos of Galaviz's injuries, which were admitted at trial.

[8] Neighbors and Galaviz's fiancée testified that Rodriguez attacked Galaviz, that they did not see Galaviz strike Rodriguez at any point, and that Rodriguez fell

to the ground, saying that Galaviz pushed her down. In addition, the two police officers responding to the scene testified that Rodriguez told them she was assaulted; however, they saw no injuries, blood, red marks, bruising, or swelling on Rodriguez. They did observe injuries to Galaviz. One of the officers further testified that he found a chain type of necklace with dog tags or a medallion clenched in Rodriguez's fist when he handcuffed her.

[9] Rodriguez's sole witness was her sister Ramona, with whom Rodriguez lives. Ramona testified that Galaviz jumped off his porch, ran toward Rodriguez, grabbed her, and threw her down. She testified that Rodriguez was knocked unconscious, had multiple bruises and scratches, two broken fingers, and a head injury. Photos that Ramona said she took of Rodriguez the day after the incident were admitted into evidence.

[10] There is sufficient probative evidence from which the jury could conclude that Rodriguez did not act in self-defense and that the State rebutted Rodriguez's claim of self-defense beyond a reasonable doubt.

[11] Affirmed.

Baker, J., and Bradford, J., concur.